(No. 839— )

VICTOR R. EMERY, JR., Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed May 28, 1930.*

ADSIT, THOMPSON & HERR, for claimant.

OSCAR E. CARLSTROM, Attorney General; ROY D. JOHNSON, Assistant Attorney General, for respondent.

Mr. JUSTICE THOMAS delivered the opinion of the court:

On September 9, 1917, claimant was employed in the Game and Fish Division of the Department of Agriculture. On May 18, 1918, he took the examination for the position of warden. He passed the examination, was certified, and in September, 1919, was made Deputy Game and Fish Warden at a salary of $125.00 per month under the classified civil service of the State. On January 23, 1923, the Director of the Department of Agriculture sent him a letter notifying him

that his services would not be further needed and his name would be dropped from the payroll on February first. After receiving this letter claimant continued to perform his duties as such Deputy Game and Fish Warden, making reports of his activities regularly to the Division of Game and Fish until August 1, 1924. These reports were received and accepted by the Division of Game and Fish. The State also furnished claimant an automobile for use in the performance of his duties until in July, 1923.

The record shows claimant never resigned his position, was never demoted or removed, and that no charges were ever preferred against him. It also shows that he was paid no salary after February 1, 1923, and that he was not reimbursed for his expenses incurred.

Claimant was under the classified civil service of the State and could not be legally discharged from such service except in accordance with the provisions of the State Civil Service Act. Section 12 of that Act provides no employee in the classified civil service of the State shall be removed by the appointing officer, except for just cause, and that a statement of the cause of such removal shall be made in writing and signed by the appointing officer which statement shall be in duplicate and one copy thereof be delivered to the employee and the other filed in the office of the Civil Service Commission. These provisions of the law are mandatory and must be complied with, otherwise any appointing officer can render the law nugatory. (*The People* v. *Coffin*, 282 Ill. 599). Those provisions of the law were not complied with in the case of claimant and his attempted removal was void, and he was entitled to be paid his salary and expenses so long as he retained his position. (*The People* v. *Stevenson*, 272 Ill. 215). Claimant remained in the service of the State for 18 months after his attempted removal. His salary was $125.00 per month and he incurred expenses amounting to $87.54, no part of which he has been paid. He is, therefore, allowed an award of $2,337.54.